IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Caly Louise H.,[1] | ) | Case No. 6:24-cv-04647-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. (the "Act"). In accordance with 28 U.S.C. § 636(c) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On March 14, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed. [Doc. 21.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] Plaintiff filed objections to the Report on March 27, 2025. [Doc. 22.]

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in Social Security cases, federal courts should refer to plaintiffs only by their first names and last initials.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation marks omitted). In reviewing the evidence, the Court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* Consequently, even if the Court disagrees with the Commissioner's decision, the Court

must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The Report concludes that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and free of legal error and should therefore be affirmed.[2] [Doc. 21 at 17.]

**The Parties' Arguments**

In her initial brief, Plaintiff first argued that the ALJ failed to find Plaintiff's mental impairments severe despite substantial evidence that Plaintiff's mental impairments would exceed the *de minimis* threshold. [Doc. 17 at 11–15.] Plaintiff argued that the ALJ improperly discounted the opinions of Rhonda Brown, APRN, and that the ALJ's errors led to a residual functional capacity ("RFC") and hypothetical questioning to the vocational expert ("VE") that did not properly account for any mental limitations. [*Id*. at 12–14.] Second, Plaintiff argued that the RFC failed to take into account a function-by-function assessment of her physical and mental capacities, and that the ALJ erred in failing to properly evaluate her subjective complaints of pain, lack of mobility, and difficulty sitting without pain. [*Id*. at 15–22.] For example, Plaintiff argued, the ALJ severely downplayed her obesity and the effect it would have on her, in addition to her other physical limitations. [*Id*. at 18.]

In response, the Commissioner argued that the ALJ fully considered these impairments in his discussion of the evidence and reasonably explained that Plaintiff was

---

[2] The Magistrate Judge provided an accurate and thorough recitation of the procedural and medical history, as well as the ALJ's findings, and the Court therefore will not repeat it here.

3

not entitled to greater limitations than those the ALJ assessed. [Doc. 18 at 9–11.] Specifically, the ALJ noted that despite Plaintiff's report of anxiety and depression, there were no indications from the evidence of record that this impairment had more than a minimal effect on her functional capabilities for the 12-month durational requirement of the regulations. [*Id*. at 10.]

**The Report's Findings**

In his Report, the Magistrate Judge first concluded that substantial evidence supports the ALJ's determination that Plaintiff's mental impairments were non-severe. [Doc. 21 at 6–12.] The Magistrate Judge explained that the ALJ was not required to defer to or give any specific weight to medical opinions and concluded that the ALJ appropriately found that Ms. Brown's opinions regarding Plaintiff's mental functioning were not consistent with the record evidence. [*Id*. at 7–10.] The Magistrate Judge further addressed each area of mental functioning, noting that the ALJ specifically indicated that "all of [Plaintiff's] medically determinable impairments – whether severe or non-severe – were considered in crafting [Plaintiff's] RFC assessment." [*Id*. at 10–12.] Because "[t]he ALJ's decision reflects consideration of the entirety of the record evidence in the RFC assessment," the Magistrate Judge found that "even if the ALJ erred in finding the plaintiff's mental impairments non-severe, the error would be harmless." [*Id*. at 12.] Second, with respect to Plaintiff's subjective complaints, the Magistrate Judge found no error in the ALJ's consideration of Plaintiff's subjective complaints. [*Id*. at 12–16.] The Magistrate Judge noted that the ALJ provided a detailed analysis of Plaintiff's subjective complaints based upon the factors provided in SSR 16-3p, and that his conclusion that

4

Plaintiff's subjective reports were not consistent with record evidence is supported by substantial evidence.[3]  [*Id*. at 16–17.]

**Plaintiff's Objections to the Report**

In her objections to the Report, Plaintiff maintains that the ALJ did not adequately consider Plaintiff's mental impairments and argues that the Magistrate Judge incorrectly indicated that Plaintiff's mental impairments are not severe at all.  [Doc. 22 at 1–4.]  Specifically, Plaintiff argues that the Magistrate Judge's characterization of Ms. Brown's opinion as a "checkbox form" is incorrect because checkbox forms do not always have limited probative value and the ALJ here did not discount the opinion based on its format.  [*Id*. at 2.]  Regardless, Plaintiff argues, Ms. Brown's treatment notes support her opinion, and both her notes and opinion indicate that at least some mental limitation should have been put in the RFC.  [*Id*. at 3.]  For example, Plaintiff's treatment notes indicate that she suffered mental impairments throughout the relevant period such as anxiety, depression, memory issues, and difficulty concentrating.  [*Id*. at 3–4.]  Thus, Plaintiff argues, the Magistrate Judge's recommendation should be rejected because "[t]he overwhelming evidence indicates Plaintiff has severe mental impairments."  [*Id*. at 4.]

**Analysis**

The Court agrees with the Magistrate Judge that remand is not warranted.  The Magistrate Judge concluded that the ALJ's consideration of Ms. Brown's opinion is supported by substantial evidence and that the ALJ appropriately evaluated opinion

---

[3] Plaintiff does not object to this recommendation.  [*See generally* Doc. 22.]  Having reviewed the Report, the record in this case, and the applicable law, the Court finds no clear error.  Thus, the Court accepts the Report with respect to the recommendation that the ALJ's examination of Plaintiff's subjective complaints should be affirmed and incorporates that portion of the Report by reference.

evidence from Ms. Brown in determining that Plaintiff did not have a severe mental impairment. [Doc. 21 at 6–12.]

Upon review, the Court agrees that the ALJ used the correct legal standard for analyzing Ms. Brown's opinion and finding it not persuasive. *See* 20 C.F.R. § 404.1520c(a) ("The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency."). Specifically, the ALJ found

> the opinion from Rhonda Brown, which would tend to indicate more than a minimal limitation in this domain of psychological functioning, is not persuasive due to its vagueness, poor support provided by Brown, and lack of consistency with the [Medical Evidence of Record] in general. On the contrary, the report of the claimant having good judgment in February of 2021, which Brown provided . . . tends to strongly indicate that the claimant did not have more than a minimal limitation in this domain of psychological functioning prior to the date last insured.

[Doc. 14-2 at 22.] The fact that the Magistrate Judge characterized the opinion as being provided on a "check box form" when the ALJ did not discount the opinion based on its format is of no import, as the ALJ expressly criticized the "undated form" as not providing

> any indication as to whether the condition of poor ability to complete basic daily living tasks was expected to persist for more than 12 months. It also does not express what sorts of work tasks would or would not be within the claimant's ability to perform. It was poorly supported in terms of how the claimant's diagnostic, symptomatological, and treatment history explained the opinion provided by Brown. It is also not consistent with the medical evidence of record in general, especially the lack of evidence of more than a minimal vocational limitation in psychological functioning from the amended alleged onset date through the date last insured.

[*Id*. at 21.] Regardless of whether Plaintiff agrees with this finding by the ALJ, a reviewing court must "uphold a Social Security disability determination if (1) the ALJ applied the

6

correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020).  It is the duty of the ALJ, not the district court judge, to weigh contradictory evidence, and the ALJ here explained his reasoning based on the evidence of record.  *See Hancock v. Astrue*, 667 F.3d 470, 476 (4th Cir. 2012) ("We are not at liberty to reweigh conflicting evidence or substitute our judgment for that of the ALJ." (cleaned up)).

The ALJ properly considered all the record evidence in determining the persuasiveness of Ms. Brown's opinion and the effect of Plaintiff's mild anxiety and depression on her RFC.  *See Pavlic v. Saul*, No. 1:19CV146, 2020 WL 1326217, at *2–3 (M.D.N.C. Jan. 14, 2020) (finding no error where the ALJ identified "mild" mental limitations in each of the four functional areas but included no corresponding limitations in the RFC, reasoning that the ALJ sufficiently explained that "the record as a whole," including claimant's treatment, examination findings, and medical opinions, did not support any mental functional limitations), *Report and Recommendation adopted by* 2020 WL 1322854 (M.D.N.C. Mar. 20, 2020).  Indeed, the ALJ specifically indicated that all of Plaintiff's severe and non-severe medically determinable impairments were considered in crafting Plaintiff's RFC assessment.  [Doc.14-2 at 21, 24–27.]  Plaintiff has failed to direct the Court to any evidence of record not considered by the ALJ that would support an alternate finding.  Accordingly, the Court finds no error and overrules Plaintiff's objections.

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>
United States District Judge

August 27, 2025  
Greenville, South Carolina